IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>       Plaintiff,<br><br>  v.<br><br>JUWAN TONAY FERGUSON,<br><br>       Defendant.<br>                                                / | No. C 06-06643 SI, CR 02-0122<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Defendant Juwan Tonay Ferguson has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court DENIES defendant's motion.

**BACKGROUND**

On July 11, 2002, pursuant to a written plea agreement under what was then Federal Rule of Criminal Procedure 11(e)(1)(c), defendant pled guilty to one count of assault on a postal employee with intent to rob. On December 20, 2002, this Court sentenced defendant to 120 months of custody and five years of supervised release. Judgment was entered on December 23, 2002. On October 25, 2006, defendant filed the instant motion.

**LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "theسentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

**DISCUSSION**

The government argues that, among other defects, defendant's motion is untimely.[1] The Court agrees. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part:

> A one year period of limitation shall apply to a motion under [section 2255]. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final[2];
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Equitable tolling of the limitations period is available for a § 2255 motion in the Ninth Circuit. *See United States v. Battles*, 362 F.3d 1192, 1197 (9th Cir. 2004). "Equitable tolling will not be available in most cases, as extensions of time will be granted only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997). The defendant "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Defendant here filed his motion more than three and a half years after judgment became final.

---

[1] In its original response to defendant's motion, the government dedicated only one short paragraph to the untimeliness argument. The government subsequently filed an addendum to its response in order to more adequately address the untimeliness issue.

[2] A judgment of conviction becomes final when "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).

His only explanation for the delay in filing is that he did not "file his motion in a timely manner due to fear[] that once these issues [were] brought up on appeal he would be in danger." *See* Reply at 5. He does not elaborate further, and the only reference to danger in his papers relates to alleged threats of physical violence made by police before he entered his guilty plea. Defendant does not allege that anyone threatened him with violence if he filed a section 2255 motion, or otherwise coerced him out of filing a section 2255 motion. Defendant's vague statement regarding fear of danger is therefore insufficient to excuse his delay in filing. It does not suffice to establish a governmental "impediment" to the filing of his motion for purposes of the limitations period commencement option (2), and it does not justify equitable tolling.

Option (1) therefore provides the appropriate start date of the limitations period in this case.[3] *See* 28 U.S.C. § 2255. Applying option (1), it is clear that defendant's motion is untimely. Judgment was entered on December 23, 2002. The ten-day time to appeal expired in January 2003, and the judgment was final on that date. The one year statute of limitations period therefore expired in January 2004. Petitioner's motion was not filed until October 25, 2006, more than two and one-half years after the limitations period expired.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion as untimely under 28 U.S.C. § 2255. [CR 02-122, Docket No. 69] [C 06-6643, Docket No. 1]

**IT IS SO ORDERED.**

Dated: June 4, 2007

SUSAN ILLSTON
United States District Judge

---

[3] Option (3) is inapplicable because defendant does not assert any newly-recognized right as a basis for his challenge. Similarly, with respect to option (4), defendant's motion is not based on newly-discovered facts.

3